IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NICOLAS CURRAN,

       Plaintiff,                  No. CIV S-03-0964 MCE GGH P

   vs.

ARNOLD SCHWARZENEGGER,
Governor of California, et al.,

       Defendants.
_____/

JOSEPH DAWSON,

       Plaintiff,                  No. CIV S-03-0967 MCE GGH P
   vs.

ARNOLD SCHWARZENEGGER,
Governor of California, et al.,

       Defendants.
_____/

\\\\\

\\\\\

\\\\\

\\\\\

\\\\\

1

| | | |
|---|---|---|
| 1 | STEVEN GOMEZ, | |
| 2 | Plaintiff, | No. CIV S-03-0968 MCE GGH P |
| 3 | vs. | |
| 4 | ARNOLD SCHWARZENEGGER,<br>Governor of California, et al., | |
| 5 | | |
| 6 | Defendants._____/ | |
| 7 | EDWARD HARO, | |
| 8 | Plaintiff, | No. CIV S-03-0973 MCE GGH P |
| 9 | vs.<br>ARNOLD SCHWARZENEGGER,<br>Governor of California, et al., | |
| 10 | | |
| 11 | Defendants._____/ | |
| 12 | ZACHARIAH GUZMAN, | |
| 13 | Plaintiff, | No. CIV S-03-0977 MCE GGH P |
| 14 | vs. | |
| 15 | ARNOLD SCHWARZENEGGER,<br>Governor of California, et al., | SUPPLEMENTAL ORDER re: LEAD CASE |
| 16 | Defendants. | and FINDINGS & RECOMMENDATIONS |
| 17 | _____/ | |

Each plaintiff in the above-captioned cases began these proceedings as a state prisoner proceeding pro se, seeking relief pursuant to 42 U.S.C. § 1983. Plaintiffs are Native American Indians and each was incarcerated at California State Prison - Solano; each names the same defendants and each alleges, in identical allegations within their respective amended complaints that, under the CDC hair-grooming policy within Title 15 of the California Code of Regulations, they are forbidden to wear their hair long. Each alleges that wearing their hair long is a sincerely held traditional religious belief; thus, the prison hair-grooming policy violates their First Amendment right to the free exercise of their religion and should be modified in light of the Religious Land Use and Institutional Persons Act of 2000 (RLUIPA), codified at 42 U.S.C. §

2000cc. All plaintiffs seek permanent injunctive relief only.

By order filed on May 7, 2004, <u>Curran v. Schwarzenegger, et al.</u>, No. CIV S- 03-0964 MCE GGH P, in the interest of judicial economy and efficiency, was designated as the lead case among the cases denominated above. Defendants were directed to file no responsive pleadings or dispositive motions until further order of the court in any above-captioned case other than that designated as the lead case herein. Discovery was to proceed only in the lead case until otherwise ordered by this court.

Currently pending in the lead case is defendants' motion for summary judgment which was deemed submitted on March 29, 2005. <u>See</u> <u>Order</u> filed on March 29, 2005. On October 14, 2005, plaintiff Joseph Dawson, Case No. Civ-S-03-0967 MCE GGH P, informed the court that Curran, the plaintiff in the designated lead case has paroled; plaintiff Dawson, therefore, requests that his case be re-designated as the lead case among the remaining cases. On October 19, 2005, counsel for defendants filed a statement of non-opposition to plaintiff Dawson's request, confirming that plaintiff N. Curran, had, indeed, paroled, as of July 21, 2005, and stating that his claims had thereby been rendered moot.

On the representations of these parties, the court will now re-designate <u>Dawson v. v. Schwarzenegger, et al.</u>, No. CIV S- 03-0967 MCE GGH P as the lead case. Plaintiff Dawson has ten days to inform the court whether he intends to file any supplemental opposition to the pending motion for summary judgment or to inform the court that he intends to stand on the opposition previously submitted by plaintiff Curran. Should plaintiff Dawson intend to supplement the opposition, he must do so within thirty days of the filed date of this order.[1] If he does file any supplemental opposition, the summary judgment motion will be deemed submitted as of that date.

---

[1] This motion for summary judgment has already been vacated once, pending an interlocutory appeal to the Ninth Circuit by plaintiff Curran of the denial of his motion for preliminary injunctive relief, and the court is not amenable to vacating this motion a second time. <u>See</u> <u>Order</u> filed on December 20, 2004.

As to plaintiff Curran, when an inmate seeks injunctive relief concerning an institution at which he is no longer incarcerated, his claims for such relief become moot. See Sample v. Borg, 870 F.2d 563 (9th Cir. 1989); Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir. 1986). See also Reimers v. Oregon, 863 F.2d 630, 632 (9th Cir. 1988). Although plaintiff Curran did not himself inform the court, as he should have, of his current status, plaintiff Dawson and defendants have all set forth that plaintiff Curran has paroled. In light of plaintiff Curran's evident release from prison, the court will recommend dismissal of his case.

Accordingly, IT IS ORDERED that:

1. Dawson v. v. Schwarzenegger, et al., No. CIV S- 03-0967 MCE GGH P is hereby designated as the lead case among the cases captioned above in place of Curran v. Schwarzenegger, et al., No. CIV S- 03-0964 MCE GGH P;

2. To the extent that it is not duplicative, the Clerk of the Court is to copy the filings submitted in Case No. CIV S- 03-0964 MCE GGH P to Case No. CIV S-03-0967 MCE GGH P, with particular attention to defendants' motion for summary motion, originally filed on March 24, 2004, vacated, and re-submitted by order filed on March 29, 2005, as well as plaintiff Cuuran's opposition to the motion and defendants' reply;

3. Plaintiff Dawson must inform the court within ten days whether he intends to file any supplemental briefing to the opposition of defendants' motion for summary judgment, deemed submitted as of March 29, 2005, or whether he intends to stand on the previously submitted opposition;

4. If plaintiff Dawson intends to file any supplemental opposition to the pending motion for summary judgment, he must do so within thirty days of the date this order is filed, after which defendants' motion will be deemed submitted.

IT IS RECOMMENDED that plaintiff Curran's case, Curran v. Schwarzenegger, et al., No. CIV S- 03-964 MCE GGH P, be dismissed as moot.

\\\\\

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 10/26/05

/s/ Gregory G. Hollows
_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
curr0964.ofr